MORELLI *v.* THOMBS ET AL.

(Decided April 21, 1930.)

*Mr. J. J. Fuerst,* for plaintiff in error.
*Messrs. Evans, Whitney & Zuck,* for defendants in error.

LEVINE, J.   Error is prosecuted to this court from the decision of the common pleas court, wherein a motion to discharge an attachment was overruled.

Defendants in error, Charles M. Thombs and others, who were plaintiffs in the common pleas court, brought an action on June 17, 1929, in said court, upon a judgment granted in the commonwealth of Pennsylvania.   On the same day they filed in court an affidavit in attachment, setting forth as

grounds for an order of attachment: "First, that defendant so conceals himself that summons cannot be served upon him; and, second, that defendant has property and rights in action which he conceals." By virtue of these proceedings, funds belonging to the defendant, Charles Morelli, were attached.

Thereupon, on June 25, 1929, Morelli filed his motion to discharge the attachment, and attached to the motion his own affidavit, wherein he denied in general terms the grounds set forth in plaintiffs' affidavit in attachment.

On June 27, 1929, plaintiffs filed an alias affidavit in attachment, and secured issuance of an alias order in attachment, which was duly served upon the same garnishee, the Spira State Bank. The grounds set forth in the second affidavit were the same as those set forth in the first affidavit.

When, on July 3, 1929, the matter came before the court upon Morelli's motion to discharge the attachment, by stipulation of counsel it was agreed that said motion was to be considered as directed to both the original affidavit and the alias affidavit in attachment. After a hearing, the motion to discharge the attachment was overruled. Due exception was taken, and this error proceeding was instituted seeking a reversal of the order of the common pleas court.

The claims of error urged by plaintiff in error are:

First. That the court erroneously placed the burden of proof on the defendant to disprove the grounds of attachment.

Second. That the evidence adduced at the hear-

ing clearly disproves the grounds of attachment set forth in the original as well as in the alias affidavit in attachment.

At the beginning of the hearing, we find the following:

"The Court: When anyone files a motion, the burden is upon the one filing it to set forth his reasons in support of his motion and have evidence.

"The Court: I should think the person filing the motion should be the one that should have the lead in support of his motion. Objection is overruled.

"Mr. Fuerst: Save my exception.

"The Court: Exception."

After this ruling by the court, the defendant introduced some evidence seeking to disprove the alleged grounds of attachment, and thereupon rested. Thereupon, without having offered any evidence, the plaintiffs moved that the court overrule defendant's motion to dissolve. The court thereupon overruled the motion to discharge. An exception was taken.

Plaintiff in error, defendant below, claims that the court was in error in placing the burden of proof upon defendant. Counsel for defendants in error deny that the trial court placed the burden of proof upon plaintiff in error, and contend that the order of the court was directed merely to the order of proof. It is claimed that the procedure with respect to the order of proof on a motion to dissolve an attachment rests in the sound discretion of the court.

As a general rule, the contention of defendants in error states the law on the subject, with this addition, "Providing no prejudice resulted to the other party."

We think that the case of *Seville* v. *Wagner*, 46 Ohio St., 52, 18 N. E., 430, 431, bears directly upon the matter before us. Syllabus 2 reads:

"Where the weight of the evidence is the only question presented by such bill of exceptions, this court will not enter upon its review, or disturb the judgment of the court below thereon; but when the party against whom an order of attachment is obtained, in support of his motion to discharge the same, by his affidavit denies the ground of the attachment stated in the affidavit therefor, it devolves upon the party procuring the attachment to establish such ground by proper evidence; and whether there is any evidence tending to sustain it is a question of law, which the parties may have determined by this court."

In view of this statement of the law, it would seem clear that, as soon as the defendant filed his motion to discharge, accompanied by an affidavit denying the grounds of the attachment as set forth in plaintiffs' affidavit in attachment, it devolved upon the party procuring the attachment to establish by proper evidence the grounds set forth in its original affidavit.

In the case at bar, after the defendant under the order of the court proceeded to introduce evidence by way of refuting the grounds of attachment, and after he had rested, and plaintiffs did not see fit to introduce any evidence, the affidavits filed by the respective parties counterbalanced each other, and, if there was nothing further done in the case, it would clearly seem to have been the duty of the trial court to grant the motion to discharge. In order to sustain the action of the trial court, we must necessarily

look to the evidence introduced under its order by the defendant.

In the opinion of this court, this evidence contained in the bill of exceptions clearly disproved both allegations found in the affidavit in attachment. It is clear that Morelli did not conceal his assets. The evidence establishes that he was a depositor in the Spira State Bank for quite a while preceding the transaction with the plaintiffs. It is claimed that the deposit, instead of appearing under the name of Charles Morelli, appeared under the name of Morelli Pasquale. It is conceded, however, that the deposit stood under that name for some time preceding the business transaction with the defendants in error. Surely it would not be reasonable to infer that he deposited his money under the name of Morelli Pasquale for the purpose of concealing his assets from the plaintiffs, when at the time he so made his deposit in the Spira State Bank he had had no business dealings with said plaintiffs. He was, of course, at liberty to put it under any name he chose for reasons of his own. Had he caused a change to be made after he established business relations with plaintiffs, there would be considerable merit in the contention of plaintiffs that such act bore strongly upon the charge found in the affidavit in attachment, namely, that he concealed his assets. Such, however, was not the case.

Likewise, the evidence adduced by defendant establishes that he did not conceal himself. He very frankly told one of the plaintiffs that he could be reached at the Spira Bank, and there is no question that he could have been reached there.

In view of the above considerations, we reach the following conclusions:

First. Defendant having filed his motion to discharge, supported by an affidavit denying the allegations of the affidavit in attachment, the two affidavits counterbalanced each other, and the burden thereupon devolved upon the plaintiffs to establish the allegations in the affidavit in attachment.

Second. No evidence whatsoever having been offered by the plaintiffs, it became clearly the duty of the trial court to grant the motion to discharge the attachment, unless the evidence offered by defendant tended to support the allegations in said affidavit in attachment.

Third. In our opinion a careful perusal of the evidence adduced by plaintiff in error tends to disprove the allegations in said affidavit in attachment.

Fourth. As a matter of law, the term "concealment," under the attachment statute (Section 11819 *et seq.*, General Code), implies an act designed to accomplish a fraudulent purpose, and usually must follow the accrual of indebtedness. If the alleged concealment precedes the indebtedness, it does not come within the terms of the attachment statute, unless it be proven that it was merely a step in a fraudulent scheme to defraud creditors. Clearly such was not the state of proof in the case at bar.

In our opinion, therefore, the court of common pleas erred in ruling as he did, and it is therefore ordered that the motion to discharge the attachment be granted and that the attachment be discharged.

*Attachment discharged.*

VICKERY, P. J., and SULLIVAN, J., concur.