## McGRATH v McGRATH

Ohio Appeals, 9th Dist, Wayne Co

No 920.   Decided Jan 29, 1934

546

Weiser & Weimer, Wooster, for plaintiff in error.

Marie S. Schaffter, Wooster, for defendant in error.

**OPINION**

By FUNK, J.

Two questions are thus presented: first, Does the amount claimed in the petition, or the amount of the recovery, control in determining whether a justice of the peace had jurisdiction of the action, as affecting the taxing of costs under said §11625, GC? and second, Even though the amount of the judgment should be controlling in the taxing of costs, in actions of which a justice of the peace has jurisdiction in sums not exceeding $300 under said §11625, GC, do justices of the peace have jurisdiction to try actions for the alienation of affections of a spouse where the amounts claimed do not exceed $300?

Counsel for defendant claim, first, that the jurisdiction of the Common Pleas Court to try such cases depends upon the amount claimed in the petition, and if that amount be less than $100, that that court has no jurisdiction, but that if the amount claimed in the petition be more than $100, the jurisdiction of that court to try the case is not ousted, even though the recovery be less than $100; and that if the plaintiff recovers less than $100, although entitled to judgment therefor, he is not entitled to a judgment for his own costs, because of the contrary provisions of §11625, GC; and second, that as §10226, GC, gives justices of the peace exclusive jurisditcion in civil cases "under the restrictions and limitations of this chapter" in sums not exceeding $100, and concurrent jurisdiction with the Common Pleas Court in sums over $100 and not exceeding $300, and as §10232 GC in said chapter provides that "justices shall not have cognizance of" certain specified actions, and that as an action for damages for "alienation of affections" is a civil action and is not mentioned in said §10232 GC as one of the actions of which a justice of the peace shall not have cognizance, the conclusion must be that justices have jurisdiction in such actions where the amount claimed does not exceed $300, and that therefore each party must pay his or her own costs.

First, Does the amount claimed in the petition or the amount of the recovery control as to costs?

It seems to be well settled and the recognized rule in this state that the amount claimed in the petition, or in the bill of particulars in the justice of the peace court, controls the jurisdiction of the court for the purpose of the trial.

11 O. Jur., "Courts," §42, p. 681, and cases there cited.

5 Oh St 45, Jenney v Gray.

14 Oh St 336, Linduff v S & R Plankroad Co.

It is also equally well settled that the amount of the recovery is controlling, under said §11625, GC, on the question of taxing costs.

11 O. Jur., "Costs," §35, p. 35, and cases there cited.

Linduff v S. & R. Plankroad Co., supra.

We therefore hold that, the judgment in this case having been for less than $100, and is not being below that amount by reason of counterclaim or set-off, each party must pay his or her own costs, if a justice of the peace has jurisdiction to try an action for the alienation of affections of a spouse where the amount claimed does not exceed $300.

Second. This brings us to the question of whether a justice of the peace has such jurisdiction.

Counsel for defendant seem to rely upon §§10226 and 10232, GC, to support their contention. Said §10226 GC reads as follows:

"Under the restrictions and limitations provided in this chapter, justices of the peace shall have exclusive original jurisdiction in civil actions for the recovery of sums not exceeding one hundred dollars, and concurrent jurisdiction with the Court of Common Pleas in sums over one hundred dollars, and not exceeding three hundred dollars."

It will be observed that this section of the Code does not say of what civil cases a justice of the peace shall have jurisdiction, but simply fixes or limits the amounts within which justices shall have jurisdiction in such civil cases of which the statute has given them jurisdiction under the restrictions and limitations of the chapter of which said §10226 GC is a part. Said §10232 GC in said chapter merely designates certain actions of which justices shall not have jurisdiction, and does not relate to the conferring of jurisdiction upon justices of the peace.

In this connection it must be borne in mind that it is thoroughly settled in Ohio that the civil jurisdiction of a justice of the peace is conferred only by statute and that such statutes are strictly construed.

24 O. Jur., "Justices of the Peace," §123, p. 344.

110 Oh St 197, at p. 202, Klein v Lust.

15 Ohio 483, at pp. 485-486, Harrington v Heath.

It is thus necessary to look elsewhere than said two sections to ascertain the kind of actions of which a justice of the peace has jurisdiction.

Sec 10225, GC, subdivision 6, provides:

"6. In cases of trespass to real or personal property, the action may be brought in the township where the trespass was committed, or in the township where the trespasser, or one of the several trespassers resides."

Sec 10231, GC, provides in part that—
"Justices shall have jurisdiction in actions in which the title to real estate may be drawn in question:

"1. In actions for trespass on real estate where the damages demanded do not exceed one hundred dollars."

There being no statute specially providing for the amount for which an action for trespass to personal property may be brought before a justice of the peace, the amount as to personal property is controlled by §10226, GC.

It is settled that a justice of the peace has jurisdiction for trespass upon the person of another, and for injuries to personal property, in an amount not exceeding $300.

42 Oh St 213, Brewing Co. v Archer.

13 Oh St 485, Job v Harlan.

24 O. Jur., "Justices of the Peace, §§137, 138 and 139, pp. 352-353.

In the case of Exline v Sargent, 3 C. C. (N.S.) 66, 13 C.D. 180, it was held that a judgment for alienation of the affections of a wife was a judgment in an action "for malicious injuries to the person or property of another."

Under the common law forms of action, the enticing away of a husband's wife was an injury to the husband for which he was entitled to recover damages in an action on the case and not in an action for trespass.

21 O. Jur., "Husband and Wife," §281, p. 566.

Under the Married Woman's Act in force in this state, a wife now has a right of action in such cases the same as the husband.

Ibid., §273, p. 560.

There is also a well-recognized rule that the alienation of the affections of a spouse is an injury to a personal right.

13 R.C.L., "Husband and Wife," §§511 and 512, pp. 1463-1464.

The rule is well established that trespass has, in the law, a well-ascertained and fixed meaning, and refers to injuries which are immediate and not consequential, while trespass on the case refers only to injuries which are consequential, and the terms are thus clearly distinguishable.

1 C. J., "Actions," §117, p. 996.

73 Am. Dec. 470 (Ala.), Roundtree v Brantley.

89 Pac. 934 (Wash.), Denney v City of Everett.

114 Pac. 127 (Utah), O'Neill v Rd. Co.

In the case of Harrington v Heath, 15 Ohio 483, the court, in construing what is now §10231, GC, held that the justices' act should be strictly construed and that the most limited meaning should be given to the word "trespass" in said section, and that it therefore did not include actions upon the case for nuisance upon land. In commenting upon the subject, the court said:

"The words trespass and case both, in their ordinary and legal sense, have a different meaning; the word trespass applying to injuries resulting from direct force, and case to such as are consequential."

See also, 4 Ohio 200, Nichol v Patterson.

The distinction between the words referred to is still recognized by our courts.

123 Oh St 264, at pp. 269 and 270, Buchrer v Life Ins. Co.

While the common law forms of pleading have been abolished by statute, and we now have but one form of action—known as a civil action—"This requirement does not affect any substantive right or liability, legal or equitable."

Sec 11238, GC.

It being clear that an action for trespass, properly so called, is distinguishable from trespass on the case, which is an action for injuries committed without force and which is usually termed case, and as an alienation of affections is clearly recognized in the law as a personal injury not by direct force but as a consequential injury, an action therefor comes clearly within the common law action of trespass on the case; and as the word "trespass" in the justices' act has been construed narrowly by our courts so as not to include trespass on the case in reference to real estate, the word "trespass" should certainly be so construed in reference to personal property.

We therefore hold that a justice of the peace has no jurisdiction in an action for the alienation of affections of a spouse, regardless of the amount claimed. It necessarily follows that said §11625, GC, does not govern in the taxing of costs in the instant case, and that the costs were properly taxed against the defendant, in accordance with the provisions of §11624, GC.

The judgment is therefore affirmed.

WASHBURN, PJ, and STEVENS, J, concur in judgment.