**AHLGRIM & SON v WOLF**

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5783. Decided April 22, 1940.

Borsch & Murphy Cincinnati, and Walter P. Beck, for appellant.

George E. Whitman, for appellee.

## OPINION

By MATTHEWS, J.

This cause comes before the court upon the appellee's motion to dismiss the appeal for failure of the appellant to give the bond required by §11866 GC, upon an appeal from an order of the Common Pleas Court, discharging an attachment.

This action originated in the Municipal Court of Cincinnati. That court discharged the attachment and the plantiff, within the time fixed by that court, filed notice of appeal to the Common Pleas Court and gave a bond conditioned according to §11866 GC.

The Common Pleas Court affirmed the order of the Municipal Court discharging the attachment. Notice of appeal to this Court was then filed within the time allowed, but no additional bond was filed until after such allotted period had elapsed and this bond was filed in the Common Pleas Court.

The motion to dismiss this appeal, therefore, raises the question of whether the giving of a bond under §11866 GC, is required in order to give this court jurisdiction to review a judgment of the Court of Common Pleas affirming an order of the Municipal Court of Cincinnati, discharging an attachment.

That such a bond was required prior to the appellate code of 1935, in order to give the Common Pleas Court jurisdiction to review the order of the Municipal Court of Cincinnati, we think clearly resulted from the operation of §1558-26 GC, making the appellate procedure from the Common Pleas Court applicable to appeals to that court. Had this action originated in the Common Pleas Court and it had discharged this attachment prior to January 1st, 1936, the effective date of the Appellate Code, it would have been necessary to give the bond required by §11866 GC, in order to confer jurisdiction upon this court, to review that order. That being true, §1558-26 GC, would have imposed the same condition upon an appellant from the Municipal Court of Cincinnati.

But §§11865 and 11866 were amended and re-enacted as a part of the Appellate Code of 1935. (116 Ohio Laws 104). As amended, they read in part as follows:

"Sec. 11865. When an order discharging an order of attachment is made, and a party affected thereby excepts thereto, the court or judge shall fix the number of days, not to exceed thirty, in which such party may file his —— appeal, and during which it shall be filed and the attached property held by the sheriff or other officer."

"Sec. 11866. The party who —— appeals must give a bond to the adverse party, with surety to be approved by the clerk of the —— court of appeals in double the amount of the appraised value of the property attached." * * *

Now the General Assembly would not have provided for the approval of the bond by the clerk of the court of appeals had it intended to impose the giving of a bond as a jurisdictional act.

This is made certain by §12223-4 GC, by which it enacted that: "The appeal shall be deemed perfected when written notice of appeal shall be filed with the lower court" and that "no step required to be taken subsequent to the perfection of the appeal shall be deemed to be jurisdictional."

We, therefore, hold that while failure to give the bond required by §11866 GC, when ordered by the Court of Appeals. would be ground for dismissal, the court has jurisdiction upon filing of the notice of appeal in the Common Pleas Court.

What we have said applies in cases in which the appeal is from an order of the Common Pleas Court discharging an attachment. In the case at bar the attachment was discharged by the Municipal Court of Cincinnati, and not by the Common Pleas Court. All the latter court did was to find that no error had been committed, and, for that reason, affirmed the order. The requirement of §11866 GC, has no application to such a judgment of the Common Pleas Court.

For these reasons, the motion to dismiss the appeal is overruled.

HAMILTON, PJ. & ROSS, J., concur.

The Municipal Court of Cincinnati sustained a motion to discharge an attachment under which $300.00 was garnisheed in the hands of Grand Lodge of the Brotherhood of Railway and Steamship Clerks, Freight Handlers and Station Employees.

In the affidavit in attachment, it was averred that the property sought to be attached was not exempt from execution.

The motion to discharge the attachment alleged the fund was exempt from attachment, and §9482 GC, was cited in support of the allegation.

The entry sustaining the motion recited that "Said motion was presented to the court on arguments of counsel and thereafter on briefs of counsel submitted to the court, and the court, being advised in the premises, finds that said motion is well taken."

The Common Pleas Court affirmed the Municipal Court and the cause is now before this court on appeal from that affirmance.

No affidavits were filed in support of the motion to discharge the attachment, and we are not advised through the medium of a bill of exceptions as to what took place at the hearing of the motion.

If the answer of the garnishee could be considered we would conclude that it discloses nothing indicating that the fund in its control is, or is not exempt.

In view of the recital in the order discharging the attachment, this case must be considered on appeal on the