McDOWELL, APPELLANT, *v.* HANNEFELD, APPELLEE.

(No. 4430—Decided February 6, 1950.)

*Mrs. Eva Epstein Shaw,* for appellant.
*Mr. Marvyn R. Lachin,* for appellee.

FESS, J. This is an appeal on questions of law from an order of the Common Pleas Court discharging an attachment. Plaintiff-appellant filed her petition for alienation of affections of her husband against the defendant and prayed judgment in the sum of $50,000. Plaintiff also filed her affidavit for attachment, setting forth that the defendant was not a resident of Ohio and that the defendant was about to convert her property into money for the purpose of placing it beyond

reach of her creditors. Certain real estate of the defendant was attached pursuant to the order of attachment and was appraised at $4,600.

Defendant under special appearance moved to discharge the attachment for the reason that the affidavit, considered in the light of the petition, affirmatively disclosed that the action was not for a claim, debt, or demand arising upon contract, judgment or decree, for causing damage to property or death, or personal injury by negligent or wrongful act.

Prior to hearing on the motion to discharge, plaintiff filed her bond in the sum of $14,000. At the hearing upon the motion to discharge, the court had before it the petition and affidavit for attachment, but no testimony was taken and the motion was granted upon the papers and the statements of counsel. Although plaintiff announced she intended to appeal and requested the court to fix the amount of the appeal bond, no time within which to take an appeal or the amount of an appeal bond was fixed. Notice of appeal on questions of law was filed without any appeal bond.

Defendant moves to dismiss the appeal on the following grounds:.

1. The journal entry fails to disclose that there were exceptions taken as provided by Section 11865, General Code.

2. The order appealed from is not a final order.

3. Only one bond was given by the plaintiff, which was for the purpose of the attachment and not for the appeal.

1. Section 11865, General Code, provides:

"When an order discharging an order of attachment is made, and a party affected thereby excepts thereto, the court or judge shall fix the number of days, not to exceed thirty, in which such party may file his appeal, and during which it shall be filed and the attached property held by the sheriff or other officer."

Section 11866, General Code, provides:

"The party who appeals must give a bond to the adverse party, with surety to be approved by the clerk of the Court of Appeals, in double the amount of the appraised value of the property attached, conditioned to pay such adverse party all damages sustained by him in consequence of filing such appeal in the event of the discharge of the order of attachment by the court in which it is filed, because the order was wrongfully obtained. When the appeal is filed, and a bond given, the sheriff or other officer, shall continue to hold the property attached, subject to the further order of the court."

These sections were re-enacted in substantially the same phraseology as parts of the "act to establish a simplified [sic] method of appellate review" (116 Ohio Laws, 104) which act also contained the then new Section 11560 dispensing with the necessity of formal exceptions.

The first sentence of Section 11560, General Code, provides:

"An exception shall not be necessary, at any stage or step of the case or matter, to lay a foundation for review whenever a matter has been called to the attention of the court by objection, motion, or otherwise and the court has ruled thereon."

Even before the enactment of the present provision of Section 11560, General Code, it was not always necessary to take exceptions to a formal order or judgment. *Franklin Bank of Cincinnati* v. *Exrs. of Buckingham,* 12 Ohio, 482; *Justice* v. *Lowe,* 26 Ohio St., 372.

2. An order discharging an attachment is an order affecting a substantial right made in a special proceeding and is a final order. Section 12223-2, General Code. Furthermore, Section 11864, General Code, specifically authorizes an appeal by a party affected

by an order discharging or refusing to discharge an order of attachment.

3. Section 12223-3, General Code, provides that every final order, judgment or decree of a court and, when provided by law, the final order of any administrative officer, tribunal or commission may be reviewed as hereinafter provided, *unless otherwise provided by law*, etc. Under Section 12223-4, General Code, an appeal is deemed perfected when written notice of appeal is filed with the lower court, but under Section 12223-6, General Code, no appeal shall be effective on questions of law and fact unless and until the order appealed from is superseded by a bond. The phrase in Section 12223-3, "unless otherwise provided by law," might be construed as applying only to appeals from administrative bodies, but in any event we do not believe that a different method of appeal is provided by Sections 11865 and 11866.

Section 11864, General Code, authorizes an appeal on questions of law and specifically provides that the action may proceed as if no appeal had been taken. However, Section 11865, General Code, provides that when a party affected by an order discharging an attachment excepts thereto, the court shall fix the number of days, not to exceed 30, in which such party may file his appeal, and during which time the attached property shall be held by the attaching officer. Section 11866, General Code, requires the party who appeals to give a bond to the adverse party, with surety to be approved by the clerk of the Court of Appeals, in double the amount of the appraised value of the property attached, conditioned to pay the adverse party damages sustained in consequence of the filing of the appeal in the event of the discharge of the order because wrongfully obtained. Upon the filing of the appeal and giving the bond, the sheriff continues to hold the property attached. It will be noted that the

bond described by Section 11866, General Code, is not essentially an appeal bond but is analogous to a supersedeas bond. Since the clerk of the Court of Appeals approves the surety on the bond, apparently the bond is filed in the Court of Appeals and not in the trial court as provided for appeals on questions of law and fact.

In the instant case, plaintiff indicated to the court her intention to appeal and requested the court to fix the amount of the bond. The announcement of the intention to appeal was sufficient to lay a foundation for review, but, since the amount of the bond is fixed by statute and is to be approved as to its surety by the clerk of the Court of Appeals, it was unnecessary for the trial court to fix the amount of the bond. Had plaintiff desired to maintain her attachment, she should have requested the court to fix the time for filing her appeal and have then given the bond required by Section 11866, General Code. Although under the terms of the statute the court must fix the time for appeal, in the absence of a request, objection to a failure to do so may be regarded as waived on the part of the plaintiff.

As we construe Sections 11864, 11865 and 11866, General Code, the giving of the bond referred to in Section 11866 is not a prerequisite to an appeal on questions of law. *Ahlgrim & Son* v. *Wolf,* 65 Ohio App., 172, 29 N. E. (2d), 436; *Sibley* v. *Oil Co.,* 12 W. L. B., 308, 9 Dec. Rep., 399; *Martin* v. *Gunnison,* 14 C. D., 679.*

On the merits of the appeal, at first blush it would seem that an action for alienation of affections is not a claim "for personal injury by negligent or wrongful act." One would infer that the General Assembly meant claims commonly known as personal or bodily

---

*In the opinion in Farrell v. Brazee, 9 Ohio App., 218, 220, the court misconstrued the decision in Martin v. Gunnison, 14 C. D., 679, but the statement is not carried into the syllabus.

injury suits. However, the Supreme Court, in *Smith v. Buck*, 119 Ohio St., 101, 162 N. E., 382, held that the words, "personal injury," as used in Section 11819, General Code, denote an injury either to the physical body of a person or to the reputation of a person, or both, and that personal injury by wrongful act comprehends injury by libel or slander. The term, "personal injury," is broader than the term, "bodily injury." *Kraut* v. *Cleveland Ry. Co.*, 132 Ohio St., 125, 5 N. E. (2d), 324. It is said that the statutes relating to attachments are to be construed liberally for the benefit of the attaching party. *Northwestern Yeast Co.* v. *Broutin*, 133 F. (2d), 628. Actions for smart money, such as alienation of affections, are not particular favorites of the law but there is a well recognized rule that the alienation of the affections of a spouse is an injury to a personal right. 27 American Jurisprudence, 125; *Exline* v. *Sargent*, 13 C. D., 180, 3 C. C. (N. S.), 66; *McGrath* v. *McGrath*, 48 Ohio App., 434, 194 N. E., 43. Cf. *Nuzzi* v. *U. S. Casualty Co.*, 121 N. J. Law, 249, 1 A. (2d), 890.

In her affidavit, plaintiff averred that the defendant was a nonresident and that defendant was about to convert her property. Section 11819, General Code, authorizes an attachment against a nonresident, but in the last paragraph thereof limits it to certain claims including a claim for personal injury by negligent or wrongful act. The order was issued as of course upon the ground of nonresidence under Section 11820, General Code. In order for it to be issued on the ground of conversion, it was necessary for plaintiff to file a bond of $100,000 under Section 11820, General Code, and plaintiff's bond in the sum of $14,000 was wholly insufficient for such purpose. The motion to discharge was upon the sole ground that the action was not one within the purport of the last paragraph of Section 11819. The nonresidence was not questioned

and in the absence of evidence to the contrary the averment in the affidavit must be regarded as true. Since the attachment was issued upon valid grounds without an attachment bond, the order of the court discharging same was error prejudicial to the plaintiff, and the judgment is reversed and the cause remanded for further proceedings.

During argument, it was revealed that subsequent to the discharge of the attachment the real property attached was sold by defendant. We are therefore aware that several disturbing questions will arise on remand of the cause, but since they are not before this court on this appeal, this court should not attempt to pass thereon at this time.

*Judgment reversed and cause remanded.*

CONN and CARPENTER, JJ., concur.