ENTERPRISE ROOFING CO., APPELLANT, *v.* RIKER ET AL., APPELLEES.

(No. 4490—Decided December 18, 1950.)

Mr. *Clarence P. Ducey,* for appellant.
Mr. *John W. Bebout,* for appellees.

Fess, J.   This is an appeal on questions of law from an order of the Court of Common Pleas dismissing an attachment, on motion of the defendants to discharge the same.

The petition and affidavit for attachment were filed May 9, 1950.   On May 10, 1950, defendants filed a motion to discharge the attachment, which was granted on the same day.   Notice of appeal was filed on May 10, followed by an amended notice on May 12, 1950. The entry recited simply that the attachment heretofore issued be discharged and the respondents released and discharged from the order of garnishment "to all of which plaintiff excepts."   No time was fixed in the entry for the filing of an appeal, as required by Section 11865, General Code, and no bond was filed as contemplated by Section 11866, General Code.

Defendants moved to dismiss the appeal because (1) of failure to file bond required by Section 11866, General Code, and (2) the question presented by the appeal is moot, since jurisdiction over the attached property has been lost.

Recently, in *McDowell* v. *Hannefeld,* 87 Ohio App., 407, 95 N. E. (2d), 394, this court held:

"The bond required by Section 11866, General Code, is not essentially an appeal bond but is analogous to a supersedeas bond and the giving of such bond is not prerequisite to an appeal on questions of law from an order discharging an attachment."

Incident to consideration of the claim that the question has become moot, this court has re-examined the authorities upon which the *McDowell case* was decided.   Certain language in the opinion in the *McDowell case* is inaccurate.   In that case we concluded that a

different method of appeal was not provided by Sections 11865 and 11866, General Code. Upon examination, it is apparent that Sections 11865 and 11866, General Code, do provide a different method of appeal from that provided by the Appellate Procedure Act, but, construing the sections relating to appeal from an order discharging an attachment *in pari materia* with the provisions of the Appellate Procedure Act, we adhere to our decision in the *McDowell case* that the giving of the bond required by Section 11866, General Code, is not a prerequisite to an appeal which may be taken under the Appellate Procedure Act.

The provisions of Sections 11865 and 11866, General Code, have their origin in the Act of March 10, 1857 (54 Ohio Laws, 26), to amend the act entitled ''An Act Regulating Appeals to the District Court,'' passed March 23, 1852 (50 Ohio Laws, 93). Although the 1852 act related to appeals, the 1857 act provided that a party affected by an order discharging or refusing to discharge an attachment should be entitled to file a petition in error to reverse, vacate or modify the same as in other cases. Prior to the act of 1857, a party was permitted to file a petition in error from an order discharging an attachment. *William Watson & Co.* v. *Sullivan,* 5 Ohio St., 43.

Section 2 of the 1857 act contained substantially the same provisions as found in Sections 11865 and 11866, General Code. It is interesting to note that under the Code of Civil Procedure a petition in error could be filed within three years (3 Curwen's Revised Statutes, 2023, Section 523). The act of 1857, therefore, reduced the period for a petition in error in an attachment proceeding to 30 days. The provisions were later incorporated in Sections 5563*a* to 5563*c*, Revised Statutes of 1880 (77 Ohio Laws, 69).

In *Sibley* v. *Condensed Lubricating Oil Co.,* 12 W.

L. B., 308, 9 Dec. Rep., 399, decided in 1884, the court, after reviewing the authorities, held that a petition in error filed after the period fixed by the court pursuant to Section 5563b, but within the period relating to proceedings in error in general, was proper and a motion to dismiss the petition in error was overruled.[*]

The purpose of Sections 11865 and 11866, General Code, is to permit an attachment to remain in full force and effect pending an appeal. But in the *McDowell case* we said:

"Had plaintiff desired to maintain her attachment, she should have requested the court to fix the time for filing her appeal and have then given the bond required by Section 11866, General Code. Although under the terms of the statute the court must fix the time for appeal, in the absence of a request, objection to the failure to do so may be regarded as waived on the part of the plaintiff."

On re-examination of the sections in question, we hold that Section 11865, General Code, requires the court or judge to fix the number of days, not to exceed 30, within which the party may file his appeal, and that upon the fixing of such time the party, in order to perfect his appeal and maintain his attachment, must give the bond required by Section 11866, General Code. Such party, however, may elect to appeal under the Appellate Procedure Act.

Inasmuch as the journal entry was summarily entered by the court over objection of the plaintiff, without fixing a time for filing an appeal, the plaintiff can hardly be held in this case to have thereby waived his right to maintain the attachment by the filing of a bond.

With respect to a moot question, it becomes at once apparent that the failure of the court to fix the time

---

[*]Section 5563a, Revised Statutes, provided that petitions in error must be filed in attachment proceedings "as in other cases."

544

within which an appeal might be filed was prejudicially erroneous to the plaintiff. The question is therefore not moot, and the motion to dismiss is overruled.

By reason of the error of the court in failing to fix the time within which an appeal might be taken, the order is reversed and the cause remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed and cause remanded.*

CARPENTER, J., concurs.

CONN, J., concurring. I concur in the overruling of defendants' motion to dismiss the appeal, but am of the opinion that this court has jurisdiction to hear and determine the case on its merits for the reason that the notice of appeal was sufficient under the Appellate Procedure Act to constitute an appeal, and that the appeal has been perfected by the filing of the original papers, bill of exceptions, briefs, and assignments of error.