LEWIS, PLAINTIFF-APPELLANT, *v.* BAUER, DEFENDANT-APPELLEE.

Ohio Appeals, Fourth District, Gallia County.

No. 238.   Decided January 22, 1964.

*Messrs. H. W. & W. P. Cherrington,* for defendant-appellee.
*Mr. John A. Epling,* for plaintiff-appellant.

COLLIER, P. J.   The appellant, Ethel Lewis, on July 19, 1960, instituted this action against Marie Bauer, appellee, in the Common Pleas Court of Gallia County to recover damages for the alienation of her husband's affections by the appellee. The parties will be referred to herein as the plaintiff and defendant in the same relation they appeared in the Common Pleas Court.

On the trial, at the close of plaintiff's evidence, the defendant's motion for a directed verdict in her favor was sus-

tained. Plaintiff's motion for a new trial was overruled and this appeal followed. The assignments of error are:

The court erred in sustaining Defendant's demurrer to Plaintiff's Interrogatories addressed to Defendant prior to trial.

The court erred in sustaining the Defendant's motion for directed verdict at the close of Plaintiff's evidence.

The verdict and judgment are contrary to law and against the manifest weight of the evidence.

FIRST ASSIGNMENT OF ERROR: On May 1, 1961, plaintiff filed fourteen interrogatories under favor of Section 2317.07, Revised Code, which provides: "At the instance of the adverse party, a party may be examined as under cross-examination, * * * by way of written interrogatories filed in the case or proceeding pertinent to previous pleadings of such party." Defendant's demurrer to these interrogatories was sustained on the ground that the questions were too broad and unlimited as to time. Each interrogatory asks generally for information prior to a certain date. For example, interrogatory No. 2 reads: "Did defendant, prior to February 19, 1960, accompany Ralph Lewis on any social occasion?" The four-year statute of limitations, Section 2305.09, Revised Code, applies to actions of this kind and, in our opinion, the trial court's ruling on the demurrer was correct. The interrogatories should have been confined to the period of time within which defendant would have been liable in a civil action for her alleged wrongful acts. The plaintiff had no right to make inquiry concerning defendant's past life beyond the period fixed by statute within which the action must be begun. The defect in the interrogatories could have been easily corrected, but no effort was made to do so. The first assignment of error is overruled.

ASSIGNMENTS OF ERROR TWO AND THREE: These assignments of error both involve the weight and sufficiency of the evidence and will be considered together. Plaintiff, in her amended petition, alleges that the defendant "did, approximately two years ago, and at various times and places, both prior and subsequent thereto, wrongfully, unlawfully, and maliciously, by her machination, enticements, favors, attentions,

affections and seductive influence induce plaintiff's husband, Ralph Lewis, to become dissatisfied with plaintiff and his married life, and so influenced plaintiff's husband, Ralph Lewis, that he became enamoured with the defendant and lost his love, esteem and affection for plaintiff, and his affections were thus alienated by defendant from plaintiff.''

The evidence adduced by the plaintiff, including the cross-examination of the defendant, may be summarized as follows: The plaintiff and her former husband, Ralph Lewis, were married in 1921 and five living children are the issue of the marriage, the youngest child now being twenty-seven years of age; that the plaintiff filed two divorce actions against her former husband, Ralph Lewis, the first action in 1957 and the second in April, 1960; that on July 15, 1960, a divorce was granted to plaintiff on grounds of gross neglect of duty and extreme cruelty; that Ralph Lewis and the defendant were married November 20, 1961; that defendant first met plaintiff's former husband the latter part of 1956, when Mr. Lewis, an assistant in the Division of Aid for the Aged, visited defendant's home to investigate the eligibility of defendant's father for aid for the aged; that defendant admits serving sandwiches and coffee on several occasions to Mr. Lewis in her home when he would be in the neighborhood; that defendant and Mr. Lewis were seen together on one occasion on the street and on another in the lobby of a hotel in the city of Gallipolis; that defendant mailed a Christmas card to Mr. Lewis with the message, ''All my Love.'' Defendant claims the card was mailed in the Christmas Season of 1960 or 1961, and plaintiff claims the card was mailed in the Christmas Season of 1958 or 1959. There is no evidence of any improper relations between defendant and Mr. Lewis and no proof of any regular, steady or continued association between them.

In considering the motion of the defendant for a directed verdict, the evidence must be construed strongly in favor of the party against whom the motion has been made. 52 Ohio Jurisprudence (2d), 622. Applying this rule, the test is whether, on the undisputed facts, reasonable minds can reach different conclusions on the issues to be determined. *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469.

The essential elements of proof to sustain an action of this kind are stated in 28 Ohio Jurisprudence (2d), 270, Sec. 145, as follows:

"To sustain an action for alienation of affections, proof is required of some act of the defendant intended to bring about the alienation. To entitle the husband or wife to a recovery, it must be shown that the separation was due to the defendant's wrongful alienation of affections or other improper conduct, and not to other causes. In respect to the wife's action, mere proof of a separation and the fact that the plaintiff's husband was upon terms of intimate friendship with the defendant will not show a cause of action; if the plaintiff's husband voluntarily bestows his affection upon the defendant without any overt act, conduct, or treatment on the defendant's part influencing his action, the defendant is not liable."

And 27 American Jurisprudence, 128, Section 527, in part, reads:

"The general rule is that a cause of action for alienation of affections is complete only where there is an intentional and malicious enticing of a spouse away or to stay away from the other spouse."

In *Stefancik* v. *Kuhns*, 58 Ohio Law Abs, 409, 96 N. E. (2d), 318, it was held: "The test of plaintiff's right to recover in an action for alienation of affections, is whether defendant by his conduct, intentionally accomplished alienation of affections of plaintiff's wife." The plaintiff, in the *Stefancik case* was denied damages on evidence similar in many respects to the case at bar.

And in *White* v. *Buchwalter*, 49 Ohio Law Abs., 589, it was held: "It is essential to establish a cause of action for alienation of affections that an intention and a malicious alienation be proven." The subject is well annotated in 19 A. L. R. (2d), 471.

It will be observed by reference to the authorities cited and the allegations of plaintiff's amended petition that in order to establish a prima facie case the plaintiff was required to prove that the defendant wrongfully, maliciously and intentionally enticed, induced, pursuaded and caused plaintiff's husband to lose his affections for her; that defendant intended to bring about the alienation.

The evidence in the instant case, construed in the most favorable light, fails to establish these essential facts. Omitting the fact that the defendant and Mr. Lewis were married November 20, 1961, approximately one and a half years after plaintiff was granted a divorce, the record is devoid of any substantial evidence to establish an intentional or malicious alienation of affections of plaintiff's former husband for the plaintiff by the defendant. 27 American Jurisprudence, 129, Section 526, in part, reads: "A woman cannot be held chargeable with alienating the affections of another woman's husband simply because he has become enamoured of her, although after he becomes divorced from his wife the other woman consents to marry him." The Trial Court's ruling on defendant's motion for a directed verdict was correct and the judgment must be affirmed.

Judgment affirmed.

BROWN and CARLISLE, JJ., concur.