HASKINS, APPELLEE, *v.*
BIAS, APPELLANT.

(No. L-81-059—Decided August 14, 1981.)

*Mr. Charles G. Hallinan,* for appellant.

*Mr. Norman G. Zemmelman,* for appellee.

DOUGLAS, J. This case comes before this court on appeal from a judgment of the Court of Common Pleas of Lucas County granting appellee's motion to dismiss appellant's counterclaim.

On December 10, 1979, appellee, Robert Haskins, filed a complaint in the Court of Common Pleas of Lucas County against appellant, Eli Bias, seeking damages for injuries sustained during an incident involving appellant. In his complaint, appellee alleged that on July 31, 1979, appellant had shot appellee repeatedly, wounding appellee in the abdomen and chest, and causing appellee permanent injury. On June 16, 1980, appellant filed an answer and counterclaim. The counterclaim was based upon the common law torts of alienation of affections and criminal conversation. On June 19, 1980, appellee filed a motion to dismiss the counterclaim for failure to state a claim upon which relief might be granted. Finding that R.C. 2305.29 had abolished civil liability for the commission of the torts alleged in the counterclaim, the court entered judgment on January 16, 1981, granting the motion to dismiss. From this judgment, appellant appeals.

Appellant presents the following assignment of error:

"The trial court erred in granting plaintiff's motion to dismiss defendant's counterclaim."

Appellant contends that the trial court erred in dismissing appellant's counterclaim on the ground that R.C. 2305.29 had abolished civil liability for the torts alleged in the counterclaim in that (1) one of the causes of action alleged, for enticement, was not abolished by R.C. 2305.29; (2) R.C. 2305.29 is unconstitutional as violative of Section 16, Article I of the Ohio Constitution; and (3) the causes of action accrued prior to the effective date of R.C. 2305.29.

Appellant argues that three distinct causes of action were recognized at common law for the protection of certain marital interests. Those causes of action were alienation of affections, criminal conversation, and enticement. Appellant further argues that the cause of action for enticement remains untouched by R.C. 2305.29 because that cause of action is not specifically abolished by the terms of the statute.

R.C. 2305.29 provides, in pertinent part, as follows:

"No person shall be liable in civil damages for any breach of a promise to marry, alienation of affections, or criminal conversation * * *."

Although enticement is not specifically enumerated in the statute, we find it to have been abolished thereby as included under the cause of action for alienation of affections. Our review of Ohio case law in this area reveals that, while a distinction was drawn between alienation of affections and criminal conversation, no such distinction was drawn concerning enticement. We find, in fact, that the tort of enticement was treated as subsumed by the tort of alienation of affections. See, for example, *Trainor* v. *Deters* (1969), 22 Ohio App. 2d 135 [51 O.O.2d 258]; *McGrath* v. *McGrath* (1934), 48 Ohio App. 434 [2 O.O. 16]; *Baltrunas* v. *Baubles* (1926), 23 Ohio App. 104.

Appellant's second contention is that R.C. 2305.29 is unconstitutional as violative of Section 16, Article I of the Ohio Constitution which provides, in pertinent part, as follows:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law * * *."

Appellant contends that R.C. 2305.29 is violative of Section 16, Article I of the Ohio Constitution in that the statute abolishes these common law causes of action without providing an alternative remedy for the protection of those interests recognized by the common law causes of action so abolished. In support of this contention, appellant urges con-

sideration of the case of *Byers* v. *Meridian Printing Co.* (1911), 84 Ohio St. 408. In that case, the Ohio Supreme Court struck down, as violative of Section 16, Article I of the Ohio Constitution, a statute which changed the presumption and burden of proof as to malice in cases of libel. In so doing, the court, at page 420, considered the following with respect to the interest protected:

"The constitutional guaranties are that 'every person, for an injury done him in his land, goods, person *or reputation,* shall have *remedy by due course of law'* (Const. Ohio, Art. I, Sec. 16), and, 'No state shall make or enforce any law which shall *abridge* the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property without due process of law.' Const. U.S., Fourteenth Amendment. In *Park* v. *Free Press Co., supra,* [72 Mich. 560] the court said: 'There is no room for holding in a constitutional system that private reputation is any more subject to be removed by statute from full legal protection than life, liberty, or property. It is one of those rights, necessary to human society that underlie the whole social scheme of civilization. It is a thing which is more easily injured than restored, and where injury is capable of infinite mischief.' * * *" (Emphasis sic.)

We find that the causes of action abolished by R.C. 2305.29 protected interests which were no longer considered to be properly recognizable at law. These actions developed as an offshoot of the action for enticing away a servant, the status of a wife under early common law being that of a more or less valuable superior servant of the husband. Prosser on Torts (4 Ed.) 873, Section 124. In recent years, these actions became the subject of severe criticism because of their peculiar susceptibility to abuse and the changing attitude toward the status of women. See Prosser, *supra,* at 887. In *Building Service & Maintenance Union* v. *St. Luke's Hospital* (C.P. 1967), 11 Ohio Misc. 218 [40 O.O.2d 500], the court held, at page 227, that the provisions of Section 16, Article I of the Ohio Constitution, that every person shall have a remedy for " 'an injury done him' * * * refers to wrongs that are recognized by law."

We find that the interests protected by the common law causes of action for alienation of affections and criminal conversation are not interests in "land, goods, person or reputation" such as may be recognized at law. We therefore find R.C. 2305.29 to be constitutionally sound. We note that similar provisions enacted by other states have been upheld against constitutional attack. See Prosser, *supra,* fn. 28, at page 887.

Finally, appellant contends that the trial court's dismissal of his counterclaim gave a retroactive effect to R.C. 2305.29 in that the injuries to his marital interests commenced prior to the effective date of the statute, June 26, 1978. Appellant, however, did not commence any action on his claim until June 16, 1980, when appellant filed his answer and counterclaim in this action. Section 3 of Am. H. B. No. 248, enacting R.C. 2305.29, provided that:

"The provisions of sections 1 and 2 of this act shall not apply to either *a civil action commenced* or a contract to marry entered into on or before the effective date of this act."(Emphasis added.) (137 Ohio Laws, Part II, 2225.)

Thus, appellant's claim was barred according to the terms of applicability of the statute. Appellant contends, however, that such application is violative of Section 28, Article II of the Ohio Constitution which prohibits the retroactive operation of a law when such law impairs an individual's property rights where such property rights vested prior to the law's enactment. *State, ex rel., Outcalt,* v. *Guckenberger* (1938), 134 Ohio St. 457 [13 O.O. 43].

Ohio courts have generally held that a person has no vested interest in any rule of the common law. See, for example, *Leis* v. *Cleveland Ry. Co.* (1920), 101 Ohio St. 162, paragraph one of the syllabus; *Fassig* v. *State, ex rel. Turner* (1917), 95 Ohio St. 232, 248; and *State, ex rel., Yaple,* v. *Creamer* (1912), 85 Ohio St. 349. In *Moore* v. *Bur. of Unemployment Comp.* (1943), 73 Ohio App. 362, at 365 [29 O.O. 75], quoting from 11 American Jurisprudence, 1199, Section 370, a vested right was defined as follows:

" 'A right cannot be regarded as vested, in the constitutional sense, unless it amounts to something more than a mere expectation of future benefit or interest founded upon an anticipated continuance of the existing general laws.' "

Upon consideration of the case law discussed above and applying the definition in *Moore* to the facts in the instant case, we find that appellant did not have a vested interest prior to the enactment of R.C. 2305.29, but had at most only a mere expectancy. We, therefore, find the trial court's application of R.C. 2305.29 to this case did not give a retroactive effect, as contemplated by Section 28, Article II, Ohio Constitution, to the statute.

For the foregoing reasons, we find appellant's assignment of error not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and judgment of the Court of Common Pleas of Lucas County is affirmed.

*Judgment affirmed.*

CONNORS, P.J., and BARBER, J., concur.