SLUSHER, APPELLANT, *v.* OEDER, APPELLEE.

(No. CA83-10-076—Decided May 21, 1984.)

*Mr. James A. Staley* and *Mr. Christopher A. Watkins,* for appellant.

*Mr. Paul N. Herdman* and *Mr. Thomas T. Cole,* for appellee.

JONES, J. William C. Slusher, plaintiff-appellant herein, and Patsy Slusher were married on July 18, 1980. On July 18, 1983, William Slusher filed a complaint in the Court of Common Pleas of Warren County against defendant-appellee, Fred Oeder, seeking damages under the following four causes of action: (1) criminal conversation, (2) alienation of affections, (3) intentional infliction of emotional distress, and (4) loss of consortium based upon each of the first three causes of action. The complaint alleged that shortly after the Slushers were married, Oeder began to continuously and repeatedly telephone Patsy Slusher and harass her with the intention of enticing, persuading, and inducing her into having sexual relations with Oeder. The complaint also alleged that Oeder's persistent advances towards Patsy Slusher resulted in her having sexual relations with Oeder without her consent in March 1981. Oeder allegedly continued to call Patsy Slusher to solicit sexual relations until about May 1983 despite her requests that he stop. Oeder filed a motion to dismiss for failure to state a claim upon which relief could be granted. The motion was granted, and William Slusher now appeals, offering the following assignments of error:

First assignment of error:

"The trial court erred in dismissing the complaint because Ohio Revised Code Section 2305.29 violates Article I, section 16 of the Ohio Constitution. The statute abolishes common law causes of action for alienation of affections and criminal conversation without providing an alternative remedy for the protection of those interests."

Second assignment of error:

"The trial court erred in dismissing the complaint because Ohio Revised Code Section 2305.29 violates Article I, section 10, clause 1 of the Federal Constitution. The statute constitutes state action which impairs the obligation of the private contract of marriage."

Third assignment of error:

"The trial court erred in dismissing the complaint because the complaint stated a valid cause of action for intentional infliction of emotional distress."

The first assignment of error questions the trial court's reliance on R.C.

2305.29 in deciding that Slusher's complaint failed to state a cause of action upon which relief could be granted. Specifically, Slusher contends that this section of the Revised Code violates Section 16, Article I of the Ohio Constitution.

R.C. 2305.29 provides that:

"No person shall be liable in civil damages for any breach of a promise to marry, *alienation of affections, or criminal conversation,* and no person shall be liable in civil damages for seduction of any person eighteen years of age or older who is not incompetent, as defined in section 2111.01 of the Revised Code." (Emphasis added.)

By its terms, R.C. 2305.29 abolishes civil liability for certain amatory actions, including criminal conversation and alienation of affections which are the basis for plaintiff's first two causes of action. Slusher claims that by statutorily abolishing the common-law torts of criminal conversation and alienation of affections, the legislature has violated Section 16, Article I of the Ohio Constitution which provides that access to the courts shall be open so that "* * * every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

In the case of *Haskins* v. *Bias* (1981), 2 Ohio App. 3d 297, the appellant filed a counterclaim based upon the common-law torts of alienation of affections and criminal conversation. Relying on R.C. 2305.29, the trial court granted appellee's *motion to dismiss the* counterclaim for failing to state a cause of action upon which relief could be granted. Using the same argument as that propounded by Slusher in the case at bar, the appellant in *Haskins, supra,* at 298 argued:

"* * * that R.C. 2305.29 is violative of Section 16, Article I of the Ohio Constitution in that the statute abolishes these common law causes of action without providing an alternative remedy for the protection of those interests recognized by the common law causes of action so abolished."

The *Haskins* court found that the causes of action which were abolished by R.C. 2305.29 protected interests which were no longer considered to be properly recognizable at law. Citing prior Ohio case law, the court then proceeded to determine that the provisions of Section 16, Article I of the Ohio Constitution, providing that every person was entitled to a remedy for "an injury done him," referred to wrongs that were recognized by law. The court went on to hold at 299 that:

"We find that the interests protected by the common law causes of action for alienation of affections and criminal conversation are not interests in 'land, goods, person or reputation' such as may be recognized at law. We therefore find R.C. 2305.29 to be constitutionally sound."

Since the common-law torts of criminal conversation and alienation of affections are interests which are no longer recognized at law, it therefore follows that R.C. 2305.29 does not violate Section 16, Article I of the Ohio Constitution since that specific constitutional provision only protects and provides a remedy for those wrongs or interests which are recognized at law. Accordingly, we hold that R.C. 2305.29 does not violate Section 16, Article I of the Ohio Constitution and that appellant's first assignment of error has no merit and is hereby overruled.

For his second assignment of error, Slusher argues that R.C. 2305.29 is a state action that impairs the obligation of the private contract of marriage which amounts to a violation of the United States Constitution which provides that "[n]o State shall * * * pass any * * * law impairing the obligation of contracts * * *." Clause 1, Section 10,

Article I of the United States Constitution. It is the contention of appellant that by abolishing the causes of action for alienation of affections and criminal conversation, the state is encouraging the enticement of one spouse by a stranger to the marriage, thereby creating the potential for a breach of the marriage contract in the form of divorce or dissolution.

It has been previously stated that "* * * marriage has never been regarded as a contract within the constitutional prohibitions against laws impairing the obligation of contracts." *Moore* v. *Bur. of Unemp. Comp.* (1943), 73 Ohio App. 362, 364 [26 O.O. 75]. The Ohio Constitution also provides that the legislature may not enact laws impairing the obligation of contracts. "The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts * * *." Section 28, Article II, Ohio Constitution. In *Haskins, supra,* the court also held that R.C. 2305.29 did not violate Section 28, Article II of the Ohio Constitution. However, that case addressed the question of whether R.C. 2305.29 violated the provision of Section 28, Article II dealing with the prohibition against passing retroactive laws and left unanswered the issue of whether the statute impaired the obligation of contracts. We find that R.C. 2305.29 does not violate the contract obligation impairment clause of either the Ohio Constitution or the United States Constitution. The law does not impose any additional obligations on the parties of a marriage contract, nor does it alter or remove any existing obligations. The statute is directed not towards the parties to a marriage contract, but applies to strangers to all such contracts. Accordingly, we find that the second assignment of error is without merit and is hereby overruled.

Slusher's final assignment of error claims that the trial court erred in holding that his complaint failed to state a valid cause of action for intentional infliction of emotional distress. In his brief, Slusher claims that Oeder telephoned Patsy Slusher at times when Oeder knew that Slusher was at home or had reason to know that he was at home. Slusher claims that Oeder continued to make these telephone calls despite being told by both Slusher and his wife to discontinue the calls. As a result of Oeder's conduct and subsequent seduction of Patsy Slusher, William Slusher claims that he suffered a loss of appetite and sleep and became fearful of losing the relationship he had with his wife. Oeder points out that Slusher's complaint fails to allege or set forth any of the above-stated allegations, and takes the position that the trial court was correct in dismissing the complaint since it failed to allege any action against Slusher himself, but only alleged that the actions on the part of the defendant were directed towards Patsy Slusher.

In the recent case of *Yeager* v. *Local Union 20* (1983), 6 Ohio St. 3d 369, the Supreme Court recognized a cause of action for the intentional infliction of emotional distress. Prior to this decision, the Supreme Court had recognized a cause of action for the negligent infliction of serious emotional distress without a contemporaneous physical injury. See *Schultz* v. *Barberton Glass Co.* (1983), 4 Ohio St. 3d 131; *Paugh* v. *Hanks* (1983), 6 Ohio St. 3d 72. In the *Yeager* case, Yeager was the vice president of a company which was having union problems. In his complaint against the union and its members, Yeager alleged that they entered his office, threatened him with injury, threatened to shut the plant down, made menacing remarks concerning Yeager and his family, and threatened to "get" Yeager. Yeager then claimed that this incident caused him great anxiety for his welfare and that of his family, and that it lead to deleterious physical consequences, including stom-

ach pains and discomfort caused by an ulcer, and medical expenses. In recognizing the claim for intentional infliction of emotional distress, the Supreme Court reversed the Court of Appeals for Lucas County and remanded the case to the trial court for further proceedings on the cause of action for intentional infliction of emotional distress arising from the alleged incident in Yeager's office.

Under the *Yeager* doctrine, it is obvious that if Slusher could allege and prove that Oeder personally accosted and confronted Slusher and threatened to seduce or rape Patsy Slusher, Slusher would have a cause of action if it indeed caused him serious emotional distress. Oeder's position seems to imply that since there was no "direct or personal confrontation" between himself and Slusher, that Slusher has failed to sufficiently plead or allege a cause of action for the intentional infliction of emotional distress along those lines established in *Yeager, supra.*

In setting the guidelines for the tort of intentional infliction of serious emotional distress, the court in *Yeager, supra,* at 374, stated the following:

"The standard we adopt in our recognition of the tort of intentional infliction of serious emotional distress is succinctly spelled out in the Restatement as follows: 'One who by *extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another* is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.' Restatement of the Law 2d, Torts (1965) 71, Section 46(1)." (Emphasis added.)

As Dean Prosser stated in his learned treatise:

"In the great majority of the cases allowing recovery the mental distress has been inflicted intentionally, either in the sense that the defendant desired to cause it, or that he knew that it was substantially certain to follow from his conduct. There are, however, a few cases which indicate that liability for extreme outrage is broader than intent, and that it extends to situations in which there is no certainty, but merely a high degree of probability that the mental distress will follow, and the defendant goes ahead in conscious disregard of it. This is the type of conduct which commonly is given the name of willful or wanton, or sometimes recklessness." Prosser, Law of Torts (4 Ed. 1971) 60, Section 12.

Clearly, had Oeder directly and personally confronted Slusher and made his threats, demands and intentions known to Slusher, such would be a sufficient basis for bringing an action for the intentional infliction of emotional distress provided Slusher could prove the requisite degree of conduct on the part of Oeder and that the emotional distress suffered as a result of Oeder's actions was serious. However, even if Oeder purposely avoided any direct and personal confrontation with Slusher, his actions of making continuous and repeated advances towards Mrs. Slusher indicate a conscious disregard on his part of the high degree of probability that mental distress could follow from his conduct.

Our discussion of this particular aspect of the tort of intentional infliction of emotional distress would not be complete without reference to the recent case of *Reamsnyder* v. *Jaskolski* (1984), 10 Ohio St. 3d 150. In *Reamsnyder,* it was decided that the plaintiff had stated a sufficient claim for relief for intentional or reckless infliction of emotional distress resulting from telephone conversations between the plaintiff and one of the defendants. Thus, the personal "face to face" confrontation present in *Yeager, supra,* has been extended to situations where the parties are not within the physical presence of each other, and the Supreme Court has granted its imprimatur to the intentional or reckless infliction of emotional

distress via the medium of telephonic communications.

Oeder raises other arguments to support the trial court's decision to dismiss the complaint. Specifically, Oeder takes the position that the complaint fails to allege *serious* emotional distress and further, that there is no allegation that Oeder's conduct was outrageous. A review of the complaint, especially the third cause of action, reveals that in paragraph 17, Slusher alleges that the conduct of Oeder was "willful, wanton and *outrageous*" (emphasis added) and that the actions taken by Oeder were "with the deliberate intention of causing Plaintiff severe emotional distress." As to the requirement that the emotional distress be serious, we look to the Supreme Court guidelines which hold that:

"By the term 'serious,' we of course go beyond trifling mental disturbance, mere upset or hurt feelings. We believe that serious emotional distress describes emotional injury which is both severe and debilitating. Thus, serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Paugh, supra,* at 78.

In paragraph 18 of the complaint, Slusher alleged that, as a result of Oeder's conduct, Slusher had suffered "extreme mental anguish, distress, and anxiety." Paragraph 6 of the complaint which was incorporated into the third cause of action, alleged that Slusher had suffered distress of mind and body.

We must now consider this in light of Slusher's allegation that the trial court erred in granting Oeder's motion to dismiss for failing to state a cause of action upon which relief could be granted. When considering a motion to dismiss pursuant to Civ. R. 12(B)(6), "* * * the complaint is to be liberally construed in a light most favorable to the plaintiff, and the material allegations are to be taken as admitted." *Slife* v. *Kundtz Properties, Inc.* (1974), 40 Ohio App. 2d 179, 182 [69 O.O.2d 178]. A court is limited to the exercise of a stringent standard of law in considering the granting of a motion to dismiss a claim, *Kobe* v. *Kobe* (1978), 61 Ohio App. 2d 67 [15 O.O.3d 86], and a motion to dismiss is viewed with disfavor and should rarely be granted, *Kobe, supra; Slife, supra.* In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that a plaintiff can prove no set of facts entitling him to recover. *O'Brien* v. *University Community Tenants Union* (1975), 42 Ohio St. 2d 242 [71 O.O.2d 223].

Turning to the case at bar, in view of our previous discussion, we feel that Slusher has alleged sufficient facts upon which to base a claim for a cause of action founded on the intentional infliction of emotional distress, and that such cause of action should not have been dismissed pursuant to a Civ. R. 12(B)(6) motion to dismiss. Despite the fact that the General Assembly has statutorily abolished the common-law torts of criminal conversation and alienation of affections, it appears that the Supreme Court has implicitly resurrected such causes of action, and that either may now be maintained in the form of an action for the intentional infliction of emotional distress, provided a plaintiff can sustain the necessary burden of proof in such a case. We do not interpret *Yeager, supra,* as holding that criminal conversation and alienation of affections are once again actionable torts. The tort, under our rationale, would be intentionally inflicting serious emotional distress, and the concomitant interference with the marital relationship would be merely incidental. Furthermore, there would appear to be no sound reason to grant immunity to a tortfeasor

intentionally inflicting serious emotional distress under myriad outrageous circumstances simply because a marital relationship was either initially or ultimately destroyed as a result thereof.

Somewhat analogous is *Wilson* v. *Dabo* (1983), 10 Ohio App. 3d 169, wherein the court held that a plaintiff who had transferred property to a defendant in reliance upon his promise of marriage was not barred from recovering such property. While R.C. 2305.29 bars actions for breach of promise to marry, it was not the intention of the legislature to permit the unjust enrichment of persons to whom property had been transferred while the parties enjoyed a confidential relationship. To so construe the statute would be to permit the unjust enrichment which the statute is designed to prevent. Accordingly, we find the third assignment of error is well-taken, and is sustained.

Judgment reversed and this cause remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and*
*cause remanded.*

KOEHLER, J., concurs.

HENDRICKSON, P.J., concurs in part and dissents in part.

HENDRICKSON, P.J., concurring in part and dissenting in part. I concur with the majority's disposition of the first and second assignments of error, but I must dissent from their disposition of the third assignment because I am not convinced that the Supreme Court has "implicitly resurrected" civil actions for alienation of affection by recognizing actions for negligent or intentional infliction of emotional distress.

Before the advent of R.C. 2305.29, which abolished civil actions for alienation of affection, a cause of action for alienation of affections existed if the aggrieved spouse could prove that defendant "wrongfully, maliciously and intentionally enticed, induced, persuaded and caused" plaintiff's spouse to lose affection for plaintiff. *Lewis* v. *Bauer* (App. 1964), 93 Ohio Law Abs. 457, 460 [29 O.O.2d 144]. The gist of the cause of action is the loss of the society, affection and consortium of one's spouse by the wrongful act of another. *Smith* v. *Lyon* (1918), 9 Ohio App. 141. Although what was compensated was not purported to be the emotional distress caused by the purposeful alienation of affections, such was strongly implied in the cause of action. Losses of "society," "consortium" and "affection" are surely losses of an emotional nature. In fact, if it appeared that there was no "affection" between plaintiff and his or her spouse, there was nothing to alienate and no recovery could be had. *Booth* v. *Krouse* (1946), 78 Ohio App. 461 [34 O.O. 189].

In response to appellant's third assignment of error, the majority has now resurrected the civil action for alienation of affections, which was specifically abolished by statute, by assigning it a new title, namely intentional infliction of emotional distress. In order to recover, plaintiff must prove exactly what a plaintiff was previously required to prove in order to recover for alienation of affections, except that he or she must now explicitly rather than implicitly document the emotional damage inflicted by the defendant's action. However, none of the cases cited by the majority in support of their position arose as a result of conduct which would have provided the basis for any of the amatory actions described in R.C. 2305.29.

It therefore follows that if the interests protected by the cause of action for alienation of affections are no longer interests recognized and protected by law (see *Haskins* v. *Bias* [1981], 2 Ohio App. 3d 297), the resurrection of these

interests under a different name is fallacious and improper. Therefore, I find appellant's third assignment of error not to be well-taken and would affirm the judgment rendered below.