David A. YUNGKAU, Plaintiff,

v.

**DEAN WITTER REYNOLDS,
INC., Defendant.**

Danielle Ann YUNGKAU, Plaintiff,

v.

**DEAN WITTER REYNOLDS,
INC., Defendant.**

Nos. C-1-83-1532, C-1-84-0184.

United States District Court,
S.D. Ohio, W.D.

May 9, 1985.

———

W. Joseph Dehner, Cincinnati, Ohio, for plaintiff.

Roger J. Makley, Dayton, Ohio, for defendant.

**ORDER DENYING MOTION
TO DISMISS**

SPIEGEL, District Judge.

This matter came on for consideration of defendant's motion to dismiss, or in the alternative, for summary judgment (doc. 25), which is opposed by plaintiffs' memorandum (doc. 30), to which defendant has replied (doc. 36).[1] The motion goes to the complaints in both the above-captioned cases, which have been consolidated for pretrial purposes.

In this action, plaintiff, David A. Yungkau, brings several claims against Dean Witter Reynolds, Inc., including one for intentional or reckless infliction of emotional distress (see Count IV of complaint in Case No. C-1-83-1532). Subsequently, plaintiff, Danielle Ann Yungkau, David A. Yungkau's wife, filed a separate action against Dean Witter, alleging that its conduct towards her husband caused him "physical symptoms ..., anxiety, nervousness, and mental distress," which in turn caused her severe emotional distress, nervous shock, and mental anxiety (see paragraph 5 of the complaint in Case No. C-1-84-0184). Mrs. Yungkau alleges two separate claims in her complaint; first, that Dean Witter was guilty of extreme and outrageous conduct toward her husband, and the second alleging that Dean Witter owed her a duty to refrain from conduct toward her husband which would cause her the aforementioned emotional distress.

Dean Witter, by its motion, challenges those claims seeking relief for emotional distress, which comprise Count IV of David A. Yungkau's complaint and both claims of his wife Danielle's complaint because neither of the plaintiffs have alleged any threat of physical violence by Dean Witter. Defendant considers an allegation of such threats necessary to state a claim for which relief can be granted under Ohio law.

Initially, plaintiffs resist the motion on procedural grounds. Plaintiffs argue that if defendant's motion is considered a Rule 12 motion to dismiss, it is out of time and

———

1. Document references are to Case No. C-1-83-1532.

should be denied. However, we conclude that defendant's motion may be considered as a Rule 56 motion for summary judgment since that rule provides that such a motion may be made with or without supporting affidavits.

Next, we confront the issue drawn by defendant's motion and plaintiffs' response: whether Ohio law permits an action to recover for intentional or reckless emotional distress to proceed absent an allegation of threats of physical violence:

Since the recognition of the cause of action for intentional infliction of emotional distress in *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen & Helpers*, 6 Ohio St.3d 369, 453 N.E.2d 666 (1983), Ohio courts have consistently referred to the Restatement of Law (2d) Torts, 346 (1) (1965) to define actionable conduct. *Yeager*, 6 Ohio St.3d at 374–75, 453 N.E.2d 666; *Reamsnyder v. Jaskolski*, 10 Ohio St.3d 150, 153, 462 N.E.2d 392, 395 (1984), *per curiam; Pyle v. Pyle*, 11 Ohio App.3d 31, 34, 463 N.E.2d 98, 101 (1983). The Restatement delineates the cause of action as follows:

> One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

Restatement of Law (2d) Torts, § 46(1) at 71. The Restatement defines outrageous conduct in comment (d) which provides in pertinent part:

> Liability has been found only where the conduct had been so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim "outrageous."

*Id.* Comment (d) at 73. Nowhere does the Restatement or the comments relevant thereto specifically require a threat of physical violence as necessary to a well pleaded claim for intentional infliction of emotional distress.

Similarly, we find no such threat of physical violence requirement in Ohio case law. Defendant contends that the case law reflects a pattern in which plaintiffs subjected to threats of physical violence were permitted to proceed on their claims, whereby plaintiffs spared such threats found their claims barred as a matter of law. *See Yeager*, 6 Ohio St.3d 369, 453 N.E.2d 666 (plaintiff submitted to threats of physical violence entitled to reversal of entry of summary judgment against him); *Reamsnyder*, 10 Ohio St.3d 150, 462 N.E.2d 392 (In *per curiam* opinion, Court held, without significant discussion, that telephone negotiations with insurance agent which did not include threats of physical violence were not "extreme and outrageous" as a matter of law. Conversely, as to another defendant who threatened plaintiff with physical violence, the Court permitted the action to proceed); *Pyle v. Pyle*, 11 Ohio App.3d 31, 463 N.E.2d 98 (held that defendant's conduct in moving children from Cleveland area to Columbus without notice to plaintiff, and allowing child to purchase gift for plaintiff with knowledge of plaintiff's allergy to said gift was not extreme and outrageous actionable conduct). Undeniably, the pattern perceived by defendant exists; however, we are reluctant to say that this pattern is the product of jurisprudential design.

To our knowledge, no Ohio court of appeals has squarely addressed the issue of whether a threat of physical violence is the only type of outrageous conduct actionable under an intentional infliction of emotional distress theory. Setting aside the *per curiam* opinion in *Reamsnyder*, 10 Ohio St.3d 150, 462 N.E.2d 392 as devoid of significant discussion, all indications from Ohio courts suggest that no such requirement exists. Justice Holmes' dissent in *Yeager*, 6 Ohio St.3d at 376, 453 N.E.2d 666, suggests that, were actionable outrageous conduct limited to threats, the *Yeager* majority would have had no reason to overrule *Bartow v. Smith*, 149 Ohio St. 301, 70 N.E.2d 735 (1948). Furthermore, in *Pyle*, 11 Ohio App.3d at 34, 463 N.E.2d 98,

the Court of Appeals cited *Agis v. Howard Johnson Co.*, 371 Mass. 140, 355 N.E.2d 315 (1976) as a useful source for definition of outrageous conduct. *Agis*, like the instant case, involved allegedly wrongful termination of employment unaccompanied by threats of physical violence.[2]

Based on these indicia from the developing case law, we are convinced that Ohio courts have not yet limited the definition of actionable outrageous conduct to threats of physical violence as suggested by defendant. Rather, we agree with the plaintiffs that the wrongful interference or termination of an employment relationship may be so extreme and outrageous as to constitute the egregious conduct necessary to support the tort of intentional infliction of emotional distress.

Accordingly, at this time, we hereby deny defendants' motion to dismiss, or in the alternative, for summary judgment. However, we will reconsider our position should an Ohio court of last resort clearly announce, before trial of this matter, that a threat of physical violence is a requirement for the tort of intentional infliction of emotional distress.

SO ORDERED.

---

**2.** In *Agis,* a restaurant manager fired waitresses in alphabetical order in attempt to discover a dishonest employee.