McCUTCHEON, APPELLANT, *v.* BROOKS ET AL., APPELLEES.

(No. 87AP-856—Decided January 12, 1988.)

*Michael P. Jackson,* for appellant.
*Tom H. Nagel,* for appellees Erin Brooks et al.

McCORMAC, J. Cheryl Anne Mc-Cutcheon, plaintiff-appellant, commenced an action in the Court of Common Pleas of Franklin County on August 25, 1987, setting forth claims for alienation of affections and criminal conversation. In those claims, plaintiff also sought damages for mental anguish, humiliation, and great distress of mind and body.

The trial court *sua sponte* dismissed the complaint on September 2, 1987, prior to answer, on the basis that the tort of alienation of affections has been abolished. The court further found that the case was clearly frivolous, barred by statute, and without merit and, pursuant to Civ. R. 11, entered judgment against plaintiff's attorney in the amount of $500, plus costs. Plaintiff's attorney sought a hearing and reconsideration on the basis that his theory of recovery was intentional infliction of mental distress, but the court refused to reconsider the matter.

Plaintiff has appealed, setting forth the following assignments of error:

"I. Where a complaint is based on the theory of 'intentional infliction of mental distress,' and a court dismisses the action on the ground that ORC 2305.29 has abolished actions based on 'alienation of affections,' the court errs.

"II. Where a court, *sua sponte*

and without notice, [and] a hearing or support in the record, enters judgment against plaintiff's counsel for a wilful violation of Civ. R. 11, and there is no violation of Civ. R. 11, the court errs and denies due process.

"III. Where a court, *sua sponte* and without notice, [and] a hearing or support in the record, enters a judgment based in part on matters outside the record and in part upon a wilful violation of Civ. R. 11, then refuses to reconsider when provided with contrary authority which is the only reported precedent, and then refuses to make any findings of fact or conclusions of law, the court errs and denies due process."

The first issue is whether plaintiff has stated a complaint upon which relief can be granted. This issue involves the question of whether the abolished torts of alienation of affections and criminal conversation have been revived by the recognition of the Supreme Court of Ohio of the independent tort of intentional infliction of emotional distress.

R.C. 2305.29, effective June 26, 1978, reads as follows:

"No person shall be liable in civil damages for any breach of a promise to marry, alienation of affections, or criminal conversation * * *."

R.C. 2305.29 provides a complete defense to the actions of alienation of affections and criminal conversation. These are the actions alleged in plaintiff's complaint and, at least under those names, the actions no longer exist, having been legislatively abolished. However, the Ohio Supreme Court recognized a cause of action for the intentional infliction of emotional distress. *Yeager* v. *Local Union 20* (1983), 6 Ohio St. 3d 369, 6 OBR 421, 453 N.E. 2d 666. Under the *Yeager* doctrine, one who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress. The *Yeager* case did not involve conduct connected with alienation of affections or criminal conversation. Almost inherently the conduct involved in those two actions is that which could arguably constitute extreme and outrageous conduct done intentionally and likely to cause serious emotional distress. The many actions of this nature preceding the abolishment of the actions indicates the extreme distress that many feel who are victims of the conduct.

In *Slusher* v. *Oeder* (1984), 16 Ohio App. 3d 432, 16 OBR 503, 476 N.E. 2d 714, the Court of Appeals for Warren County held that the Ohio Supreme Court implicitly resurrected civil actions for criminal conversation and alienation of affections by recognizing actions for intentional infliction of emotional distress. In *Slusher,* the court held that criminal conversation and alienation of affections were not again actionable torts but that the tort is now intentionally inflicting serious emotional distress and that the concomitant interference with the marital relationship is merely incidental. The dissent in *Slusher* pointed out that handling the matter in this way would result, as a practical matter, in the resurrection of civil actions for alienation of affections and criminal conversation which were specifically abolished by statute merely by assigning the actions a new title. He stated that, if the interests protected by the former causes of action were no longer recognized and protected by the law, the resurrection of these interests under another name would be fallacious and improper.

We agree with the dissent in *Slusher.* The General Assembly intended that the torts of alienation of affections and criminal conversation be eliminated regardless of what name they are called or the severity of the misconduct involved. If the torts were to be recognized again under the name of in-

tentional infliction of emotional distress, all of the can of worms that existed before would be reopened again. We do not believe that the Ohio Supreme Court had in mind, in recognizing the independent tort of intentional infliction of emotional distress in *Yeager,* that this action could be substituted for the abolished torts of alienation of affections and criminal conversation even though conduct associated with those torts might meet the legal standards of the tort of intentional infliction of emotional distress.

Although the trial judge technically should have waited until the defendants raised the issue of failure to state a claim upon which relief can be granted pursuant to Civ. R. 12(B)(6) rather than *sua sponte* raising it himself, there was no prejudice to plaintiff. The defense of failure to state a claim upon which relief can be granted is not waived by failure to assert it in a pleading or motion and may be raised at the trial on the merits. Civ. R. 12(H)(2).

Plaintiff's first assignment of error is overruled.

The trial court also found a violation by plaintiff's attorney of Civ. R. 11, which provides, as pertinent, as follows:

"Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. * * * The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. For a willful violation of this rule an attorney may be subjected to appropriate action. * * *"

It is conceded by defendants that the trial court erred in finding that plaintiff's attorney committed a willful violation of Civ. R. 11 under the circumstances of this case. The trial court found that the complaint was frivolous, as there could not be a belief that there was good ground to support it because the torts of alienation of affections and criminal conversation had been abolished by R.C. 2305.29. However, plaintiff's attorney sought to obtain relief pursuant to *Slusher* v. *Oeder, supra,* and it was not bad faith for him to seek relief based upon that case under the theory of intentional infliction of emotional distress. The trial court should have ordered a hearing and given plaintiff's attorney an opportunity to state the good faith basis upon which he filed the complaint before *sua sponte* finding that plaintiff's attorney had committed a willful violation of Civ. R. 11. However, in any event, the trial court erred in finding a violation of Civ. R. 11.

Plaintiff's second and third assignments of error are sustained for the reasons expressed in this opinion.

Plaintiff's first assignment of error is overruled, and plaintiff's second and third assignments of error are sustained. The action was properly dismissed for failure to state a claim upon which relief can be granted. The part of the trial court's judgment which granted attorney fees and costs for violation of Civ. R. 11 is reversed. The trial court is instructed to revise the judgment entry to delete that part of the judgment.

*Judgment sustained in part, reversed in part and case remanded with instructions.*

STRAUSBAUGH, P.J., and BOWMAN, J., concur.