OPINION
Appellant Andrea A. Ginella appeals the December 17, 1998 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, which granted a motion for Civ.R. 11 sanctions against him. Appellant also appeals the March 22, 2000 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, which overruled his objections to the magistrate's decision awarding damages on the motion. Appellee is Leesa Lloyd.
 STATEMENT OF THE FACTS AND CASE
On December 12, 1991, Kaleena Lloyd was born to Leesa Lloyd and Vincent Spino. The parties were never married. On November 30, 1992, Mr. Spino established paternity. Issues of custody, companionship, and child support were initiated in the Medina County Juvenile Court, which has retained jurisdiction over the matter ever since. Medina County court orders established Ms. Lloyd as the custodian of the child and provided companionship rights to Mr. Spino. In January, 1995, Mr. Spino filed a contempt motion against Ms. Lloyd in the Medina County Juvenile Court. When Ms. Lloyd failed to appear at the hearing or otherwise respond to the motion, the Medina County trial court granted Mr. Spino temporary custody of the minor child until Ms. Lloyd presented herself to the court. Despite the grant of temporary custody, the child remained physically with the mother. Apparently, Ms. Lloyd had never received notice of the contempt action filed by Mr. Spino and only became aware of the matter after an employment background check. Thereafter, she immediately presented herself to the Medina County court. In a July 17, 1998 Judgment Entry, the Medina County trial court issued another temporary order which returned custody to Ms. Lloyd. Mr. Spino was granted limited companionship. Appellant assumed legal representation of Mr. Spino in 1998, following the Medina County Court's order returning custody of the child to Ms. Lloyd. On Sunday, July 19, 1999, Mr. Spino participated in a companionship session with Kaleena for several hours. Appellant attended and videotaped this session. The next companionship session was scheduled for July 22, 1998. On the morning of July 22, 1998, appellant filed a complaint for change of residential placement and custody in the Stark County Court of Common Pleas, Family Court Division. Appellant was aware Medina County still retained jurisdiction. Further, appellant had previously discussed a transfer of jurisdiction with Ms. Lloyd's legal counsel, Attorney Holly J. Englert. Ms. Englert informed appellant she objected to any such transfer. In addition to the change of residential placement and custody, appellant filed a motion for an ex parte order granting temporary custody of the child to Mr. Spino. In an affidavit in support, executed July 21, 1998, Mr. Spino stated in Item 3, "I am not permitted to see the child, even though there is a Court Order." As noted above, Mr. Spino had just enjoyed a visit with his daughter two days prior to signing this affidavit, which visit was videotaped by appellant. Based upon this affidavit, a magistrate of the Stark County Family Court granted the ex parte order. This order was time-stamped by the Stark County Juvenile Court at 11:30 a.m. on July 22, 1998. At approximately 2:30 p.m. on July 22, 1998, appellant placed a telephone call to Attorney Englert. Appellant made no mention of his filings in Stark County nor did he fax Attorney Englert a copy of the ex parte order. During this telephone conversation, appellant specifically asked Attorney Englert to confirm the scheduled visitation that evening. Attorney Englert confirmed she had instructed her client to comply with the scheduled visitation. Ms. Lloyd did comply with the scheduled visitation on the evening of July 22, 1998, and released her daughter to Mr. Spino's care. Approximately one hour after Mr. Spino had picked up the child for visitation, he returned to Ms. Lloyd's residence with appellant and local police officers. At that time, Ms. Lloyd was served with her copy of the ex parte order. Mr. Spino, now in custody of the child (under the Stark County order), asked for Kaleena's personal belongings. Immediately thereafter, Ms. Lloyd contacted her attorney. Attorney Englert, and one of the firm's partners, gave the matter priority status and initiated the preparation of multiple documents for filing in the Medina County and Stark County courts in order to secure the return of the minor child to Ms. Lloyd. On July 23, 1998, the Medina County Juvenile Court instructed appellant to provide the location of the minor child by Thursday, July 23, 1998 at 5:00 p.m. Appellant failed to provide the location of the child. On July 24, 1998, the Medina County Juvenile Court issued an order directing all law enforcement agencies and officials to assist with the pickup and detention of the minor child, should she be located. In a Judgment Entry dated July 24, 1998, the Stark County Court of Common Pleas, Family Court Division, vacated its ex parte order. The minor child was not returned to Ms. Lloyd until the evening of Saturday, July 25, 1998, when the child was taken to the Massillon City Police Department. From the time Mr. Spino took the child on the evening of July 22, 1998, until the time of her return, Kaleena's whereabouts were unknown to appellee. Beginning on the evening of July 22, 1998, Ms. Lloyd, her family members and friends formulated various plans of action to find Kalenna. These efforts included printing fliers of Kaleena and Mr. Spino, and posting the fliers in various locations, including the Canton-Akron Airport and Cleveland Hopkins Airport. Friends and family members did surveillance on the homes of Mr. Spino's relatives, hoping to report a relative was home and available for police inquiry. Ms. Lloyd, her family, and friends incurred automobile gasoline expenses, some lost wages, and other incidentals in their efforts to find Kaleena. On August 18, 1998, Ms. Lloyd filed a Motion for Rule 11 Sanctions against appellant. The trial court conducted an oral, non-evidentiary hearing. In a December 17, 1998 Judgment Entry, the trial court granted Ms. Lloyd's motions for sanctions and set an evidentiary hearing for the amount of damages. On April 27, 1999; April 28, 1999; and December 6, 1999, the Magistrate conducted an evidentiary hearing. A number of Ms. Lloyd's family members and friends testified they felt they should be reimbursed for the expenses and lost wages each incurred when searching for the child. Although she had not done so as of the date of the hearing, Ms. Lloyd testified she felt the obligation to pay all of the contributors back and intended to do so. In a January 11, 2000 Magistrate's Decision, the magistrate detailed the testimony of the parties and the expenses appellee claimed as a result of the Rule 11 violation. The magistrate recommended appellee be granted judgment against appellant in the amount of $9,447.91. On January 25, 2000, appellant filed objections to the magistrate's decision. In a March 22, 2000 Judgment Entry, the trial court overruled appellant's objections and adopted the magistrate's January 11, 2000 Decision. Further, the March 22, 2000 Judgment Entry granted an additional judgment of $633 against appellant for the fees required to defend against the objections to the magistrate's decision. Appellant appeals the December 17, 1998 Judgment Entry granting sanctions against him, and the March 22, 2000 Judgment Entry overruling his objections to the magistrate's decision. Appellant assigns the following errors for our review:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY GRANTING APPELLEE'S MOTION FOR RULE 11 SANCTIONS, WHEN APPELLANT DID NOT HAVE ADEQUATE NOTICE OF THE HEARING.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY FAILING TO HOLD AN EVIDENTIARY HEARING TO DETERMINE IF APPELLANT HAD COMMITTED A WILFUL VIOLATION OF RULE 11.
 III. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING SANCTIONS ON APPELLANT WHEN IT WAS NOT SHOWN APPELLANT WILLFULLY VIOLATED RULE 11 OF THE OHIO CIVIL RULES OF PROCEDURES.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY AWARDING APPELLEE EXPENSES ALLEGEDLY INCURRED BY APPELLEE IN APPELLEE'S EFFORT TO LOCATE THE PARTIES' MINOR CHILD.
 V. THE TRIAL COURT ABUSED ITS DISCRETION TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY AWARDING THE EXPENSES AND ATTORNEYS' FEES TO APPELLEE WHEN THERE WAS NO SHOWING THAT APPELLEE WAS RESPONSE FOR THE PAYMENT OF THE ATTORNEY'S FEES AND EXPENSES.
 I
In his first assignment of error, appellant maintains the trial court erred in granting appellee's motion for sanctions because appellant did not have adequate notice of the hearing. Although he was served with a document entitled "Notice of Hearing," the date and time for the hearing were not included on his copy. Appellant contends he was unprepared and therefore not given sufficient opportunity to present his case. An appellate court will not consider any error which the party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207. The record indicates a notice of hearing on the Rule 11 sanctions was filed on September 9, 1998. The record copy of this document indicates a hearing was set for December 17, 1998 at 9:20 a.m. The certificate of service on the notice of hearing indicates a copy had been hand delivered to appellant on September 3, 1998. We have reviewed the transcript and note appellant made no objection to the hearing taking place on December 17, 1998. In fact, appellant indicated to the trial court he had a witness ready to give testimony at the hearing. Because appellant failed to request a continuance and failed to object to proceeding based upon lack of adequate notice, we find appellant's first assignment of error is waived.
 II
In his second assignment of error, appellant maintains the trial court erred in failing to hold an evidentiary hearing to determine whether appellant had committed a wilful violation of Rule 11. We disagree. Civ.R. 11 states, in pertinent part: Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address and attorney registration number, if any, shall be stated. ** * The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; * * *
Rule 11 does not require the trial court to hold any type of hearing before imposing sanctions. However, we are aware of various Ohio courts have held some hearing is necessary before imposing sanctions. See, e.g., Toth v. Toth (1994), 94 Ohio App.3d 561; McCutcheon v. Brooks (1988), 37 Ohio App.3d 110; Kemp, Shaeffer, and Row Co. v. Wrecker (1990), 70n Ohio App.3d 493, 497-498. In the matter sub judice, appellant was granted a lengthy hearing before the trial court. Although appellant brought at least one witness to testify at the hearing, he did not object to the non-evidentiary hearing. Appellant also failed to request an evidentiary hearing or to move for a continuance. Accordingly, we find appellant's second assignment of error to be waived.
 III
In appellant's third assignment of error, he maintains the trial court abused its discretion in imposing sanctions because there was no showing appellant willfully violated Rule 11. Specifically, appellant maintains because he did not sign the false affidavit, he is not responsible for any Rule 11 violation. We disagree. Appellant presented Mr. Spino's affidavit to the trial court in support of Mr. Spino's complaint for change of residential placement and legal custody, motion to appoint a guardian ad litem ex parte, and motion for an ex parte order of temporary placement. Mr. Spino's affidavit stated "I am not permitted to see the child, even though there is a court order." At the December 17, 1998 hearing, appellant acknowledged he had attended a scheduled visitation between Mr. Spino and the child just three days before Mr. Spino signed the affidavit. Further, appellant knew another visit was scheduled the day the ex parte order was obtained and had been assured by Ms. Lloyd's counsel the visitation was to proceed. Whether appellant signed the affidavit or not, he had personal knowledge the statements contained in the affidavit were false. Notwithstanding this knowledge, appellant presented the affidavit in support of his motions to the Stark County Common Pleas Court, Family Court Division. We find no abuse of discretion in the trial court's finding of a willful violation of Civ.R. 11. Appellant's third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant maintains the trial court abused its discretion in awarding expenses appellee incurred in her efforts to locate the parties' minor child. The issues of frivolity of claims and appropriate sanctions are governed in part by Civ.R. 11. A trial court's decision to impose sanctions will not be reversed absent an abuse of discretion. State ex rel. Fant v. Sykes (1987), 29 Ohio St.3d 65; Kemp, Schaeffer Rowe Co., L.P.A. v. Wrecker (1990), 70 Ohio App.3d 493; Newman v. Al Castrucci Ford Sales, Inc. (1988), 54 Ohio App.3d 166. An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look to the totality of the circumstances to determine whether the trial court acted unreasonably, arbitrarily or unconscionably. Civ.R. 11 states, in pertinent part: For willful violation of this rule an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule.
We find nothing in the rule to preclude a trial court's imposition of costs and expenses as an "appropriate action." We note the rule specifically provides "appropriate action" includes an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. However, the rule is silent as to what other "appropriate action" is reasonable. In the matter sub judice, the trial court found Ms. Lloyd presented physical and/or testimonial evidence for the expenses she claimed, as well as letters from all appropriate employers relative to lost wages. Ms. Lloyd provided billing statements from her attorneys which were entered into the record. Further, the trial court made a specific finding Ms. Lloyd had assumed the obligation to reimburse those family members and friends who assisted in the search for her daughter. Like the trial court, we find those expenses would not have been incurred but for the inappropriate conduct of appellant in obtaining the ex parte custody order based upon a false affidavit. We further note the trial court conducted an exhaustive review of each of the expenses claimed. The trial court awarded only those damages it found, in its discretion, to have been incurred due to appellant's inappropriate conduct. The trial court did find some of the claimed expenses were not compensable as they had no nexus with the consequences of appellant's actions. We find no abuse of discretion in the trial court's award of sanctions pursuant to Civ.R. 11. Appellant's fourth assignment of error is overruled.
 V
In his fifth assignment of error, appellant maintains the trial court abused its discretion by awarding expenses and attorney fees to Ms. Lloyd when there was no showing appellee was responsible for the payment of the attorney fees and expenses. Specifically, appellant maintains because other individuals assisted Ms. Lloyd with the payment of attorney fees and expenses, appellant cannot be responsible pursuant to Rule 11. We disagree. As noted above, Rule 11 does not require a party to pay an expense before it becomes compensable. Rather, Rule 11 contemplates a trial court's discretionary imposition of an "appropriate action." As stated in our discussion of assignment of error four, we find no abuse of discretion in the trial court's imposition of costs and expenses flowing from appellant's inappropriate conduct before the Stark County Court of Common Pleas, Family Court Division. Accordingly, appellant's fifth assignment of error is overruled.
The December 17, 1998, and the March 22, 2000 Judgment Entries of the Stark County Court of Common Pleas, Family Court Division, are affirmed.
Hoffman, P.J. Farmer, J. and Milligan, V.J. concur