Pfeifer, J.,
concurring in judgment only.
{¶ 36} All the glories of statutes of repose as described by the majority opinion point in one direction: toward protecting people who harm the despised proletariat, who are daring to remedy the wrong done them. Our original Constitution took a different stance. Even before Ohio’s statehood, the Constitutional Convention of 1802 guaranteed the right to a remedy for the portion of the Northwest Territory that would become Ohio. Article VIII, Section 7, Constitution of 1802. Phillips, The Constitutional Right to a Remedy, 78 N.Y.U.L.Rev. 1309, 1316 (2003), fn. 30. See also E.W. Scripps Co. v. Fulton, 100 Ohio App. 157, 171, 125 N.E.2d 896 (8th Dist.1955) (Hurd, J., concurring). Today, Article I, Section 16 of the Ohio Constitution still guarantees that “every person, for an injury done him * * * shall have remedy by due course of law.” What once was a mighty constitutional oak is left to wither and die at the whim of the General Assembly.
{¶ 37} This case is quite simple. The complaint was filed too late by pro se plaintiffs. They attempted to avail themselves of Ohio’s saving statute, R.C. 2305.19(A), but that attempt was ill considered because the federal action relied upon did not allege medical malpractice or seek damages. We should have reversed the judgment of the court of appeals summarily and the story should have ended. Alas, this court saw an opportunity to further assault the fundamental constitutional right to a remedy.
{¶ 38} The majority opinion lauds statutes of repose for having “a long history in Western legal tradition.” Majority opinion at ¶ 13. Fair enough — so did slavery.
{¶ 39} Access to courts and the opportunity to redress a wrong have long been sacrosanct in Ohio. See Article VIII, Section 7, Ohio Constitution of 1802, and Article I, Section 16, Ohio Constitution of 1851. These constitutional rights have been under assault for decades — since at least the 1970s, when the General Assembly enacted former R.C. 2305.11, 1975 Am.Sub.H.B. No. 682, 136 Ohio Laws, Part II, 2809, 2810-2811. This statute prohibited minors from bringing *495 medical-malpractice claims more than four years after the negligent act occurred, even if they had not yet reached the age at which the law allowed them to bring suit. Mominee v. Scherbarth, 28 Ohio St.3d 270, 273, 503 N.E.2d 717 (1986).
{¶ 40} Mominee involved a statute of repose, like today’s case. In that case, this court rightly concluded that the Ohio Constitution as ratified by the people of Ohio trumped a contrary statute. Id. at syllabus. The court today allows the statute of repose to swallow the right-to-a-rpmedy clause. This should not surprise anyone who has been paying attention. The previously inviolate right to a jury trial of Article VIII, Section 8 of the Ohio Constitution of 1802, now part of Article I, Section 5 of the Ohio Constitution, has likewise been eviscerated. See Arbino v. Johnson & Johnson, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 163-174 (Pfeifer, J., dissenting).
{¶ 41} Mominee was seminal and rightly repudiated a statute of repose. Brennaman v. R.M.I. Co., 70 Ohio St.3d 460, 639 N.E.2d 425 (1994), paragraph two of the syllabus, also repudiated a statute of repose. So did State ex rel. Ohio Academy of Trial Lawyers v. Sheward, 86 Ohio St.3d 451, 475-476, 715 N.E.2d 1062 (1999). These cases remain good law or, in any event, they have not been overruled. Nevertheless, the court today rebukes the holdings and reasoning of these cases without so much as a passing reference.
{¶42} I have written extensively about statutes of repose and how they undermine constitutional protections. Groch v. Gen. Motors Corp., 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 227-246 (Pfeifer, J., concurring in part and dissenting part). Instead of restating the obvious, I have decided to quote extensively from Mominee. That case is so relevant in substance and significance that despite having been written 30 years ago, the concurring opinion still resonates:
Section 16, Article I of the Ohio Constitution states: “[a]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law * * Having roots in the Magna Carta, “access to the courts” provisions, found in many state constitutions, were designed to place some limitation on governmental power. As early as 1882 in Lafferty v. Shinn (1882), 38 Ohio St. 46, 48, this court said “[t]hat ‘all courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law,’ is ordained in the constitution (art. 1, § 16); and it is not within the power of the legislature to abridge the period within which an existing right may be so asserted as that there shall not remain a reasonable time within which an action may be commenced. * * * ” (Emphasis added.)
*496 [[Image here]]
The effect of a statute of repose, at least in the medical malpractice area, is to reduce the doctor’s exposure to liability by granting to him immunity from suit after the limitations period has run. Such protection may be justified on strong claims of public policy, and, therefore, not constitutionally infirm under either the equal protection or due process clauses. See, generally, Redish, Legislative Response to the Medical Malpractice Insurance Crisis: Constitutional Implications (1977), 55 Tex. L.Rev. 759. The same would not hold true, however, when measured against the “access-to-the-courts” provision of Section 16, Article I of the Ohio Constitution.
It will be argued that in striking down this statute of repose, we will be usurping the prerogatives of the legislature and that no statute of limitations will be safe from our review. Nothing could be further from the truth. The establishment of time limitations on various causes of action is a policy matter within the particular purview and competence of the legislature, but any such legislation must fall if it interferes with a person’s constitutionally guaranteed right of access to the courts when that person is asserting a right of action arising at common law.
The action for negligence, upon which today’s medical malpractice actions are founded, was well-established in the common law (trespass of the case). Where a right or action existed at common law at the time the Constitution was adopted, that right is constitutionally protected, by the access-to-the-courts provision, from subsequent legislative action which abrogates or impairs that right without affording a reasonable substitute. See, generally, Gentile v. Altermatt (1975), 169 Conn. 267, 363 A.2d 1. Cf. Haskins v. Bias (1981), 2 Ohio App.3d 297, 441 N.E.2d 842. Thus, through the theory of “constitutional incorporation,” one of construction, legislation which serves to abolish or severely impair common-law remedies existing at the time the Constitution was adopted is invalid unless a reasonable substitute is provided for the remedy which is lost. Conversely, where a party would not have had a right to bring an action at common law, either because no cause of action existed or because some bar prevented its assertion, the cause of action is not constitutionally incorporated by the adoption of the access-to-the-courts provision. If a party received a subsequent right of action, not recognized at common law, either through legislative enactment or judicial pronouncement, that right could properly be abrogated by the legislature even without affording a reasonable substitute. Any right of action created subsequent to the *497 access-to-the-courts provision exists only as a matter of judicial or legislative grace and may be withdrawn at any time.
It is within this context that we must consider the statute of repose set forth in R.C. 2305.11(B). We have already seen that the statute provides for an absolute bar of a cause of action for medical malpractice after a four-year period of time has elapsed from the date of the occurrence — that is, the date on which the alleged malpractice took place. It can readily be seen that where the injury is not discovered within the prescriptive period, the effect of the repose is to abolish the party’s right of action altogether. A person so situated is literally given no opportunity to bring his action because the right to proceed is obliterated before it even accrues. In actual effect, this abolition grants the negligent doctor an area of absolute immunity from suit at the expense of the patient’s constitutionally guaranteed right to access to the courts. This is especially true of those suffering from some disability such as we have in the cases before us, to wit: not having reached the statutory age of an adult.
Since the bottom-line effect of this statute of repose, R.C. 2305.11(B), is to abolish a common-law right or action which existed at the time the Constitution was adopted, and since the legislature provided no reasonable alternative remedy or substitute for the one which it has abrogated, this court must hold that R.C. 2305.11(B) is violative of Section 16, Article I of the Ohio Constitution and is, therefore, unconstitutional. “These rights the legislature did not give * * * and the legislature can not take them away. * * * ” Byers v. Meridian Printing Co. (1911), 84 Ohio St. 408, 422, 95 N.E. 917.
(Emphasis sic and footnotes omitted.) Mominee, 28 Ohio St.3d at 290-293, 503 N.E.2d 717 (Douglas, J., concurring).
{¶ 43} Article I, Section 16 is not some trivial add-on to the Constitution of this great state. It is part of the Bill of Rights and has been since our first Constitution was ratified in 1802. It currently states, “All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law * * *.” Today the majority opinion modifies this fundamental constitutional provision. Unfortunately, by implication, Article 1, Section 16 now reads thus: All courts shall be open, and every person, for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law unless the General Assembly decides that the courts are not open.
{¶ 44} The import of the majority opinion is that negligent medical providers are more important than the people they injure. Any person suffering an injury *498 due to medical negligence must now discover the injury within four years or be foreclosed from recovery, even if the injury is not reasonably discoverable. In the short term, this is not a particularly important case. Not many Ohioans are unable to determine that they have been negligently injured by a medical provider within four years. But the long-term impact of this case is incalculably bad: some toxins are long acting, with unforeseeable consequences.
Brannon & Associates, Dwight D. Brannon, Kevin A. Bowman, and Matthew A. Schultz, for appellees.
Reminger Co., L.P.A., Martin T. Galvin, William A. Meadows, and Brian T. Gannon, for appellants.
Bonezzi, Switzer, Polito & Hupp Co., L.P.A., Bret C. Perry, and Jason A. Paskan, urging reversal for amicus curiae Academy of Medicine of Cleveland & Northern Ohio.
Squire Patton Boggs, L.L.P., Heather L. Stutz, Christopher F. Haas, and Larry J. Obhof; and Sean McGlone, urging reversal for amici curiae Ohio Hospital Association, Ohio State Medical Association, and Ohio Osteopathic Association.
Giorgianni Law, L.L.C., and Paul Giorgianni, urging affirmance for amicus curiae Ohio Association for Justice.
{¶ 45} The Toomer’s Corner oak trees in Auburn, Georgia, were intentionally poisoned, but the damage wasn’t immediately noticeable. The impact was irredeemable, however, and the trees were eventually removed, http://www.al. com/news/index.ssf/2015/1 l/harvey_updyke_poisoned_toomers.html. This court’s acceptance of the position that the General Assembly can undermine constitutional provisions is poisonous, though not yet irreparable. This case moves us one step closer to the time when the common law will be completely obliterated in Ohio. Today, this court countenances the intolerable concept that Ohioans’ right to a remedy exists only through the good graces of the General Assembly. This court is wrong. The right to a remedy is a power reserved to the people by the people in Ohio’s Constitution, and it cannot be diminished by statute. I trust that this court will eventually realize its mistake and find the will to protect Ohioans from future encroachments on their constitutional rights.
{¶ 46} I concur in judgment only, which is a minor point indeed. I dissent from everything else in the majority opinion.